IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IMG WORLDWIDE, INC. | ) | CASE NO. 1:10-cv-794 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| vs. | ) | **DECLARATION OF** |
| | ) | **ADAM J. KAISER** |
| MATTHEW BALDWIN | ) | |
| | ) | |
| Defendant. | ) | |

I, Adam J. Kaiser, hereby declare as follows:

1. I am a partner of the law firm of Dewey & LeBoeuf, LLP, counsel for Matt Baldwin. I make this declaration, of my own personal knowledge, in opposition to IMG's application for a temporary restraining order.

2. I was previously counsel to Jay Danzi, a former golf agent at IMG. On October 26, 2007, my firm filed a lawsuit in the Central District of California captioned *Wasserman Media Group LLC and Jay Danzi v. IMG Worldwide and IMG Operations, Inc.,* Case No. CV07-06979 (GAF) (the "Danzi Action"). The complaint in the Danzi Action is attached hereto as Exhibit A.

3. The Danzi Action sought a declaratory judgment declaring that the post-employment restrictions contained in his employment agreement with IMG were unenforceable.

4. IMG did not move to dismiss the Danzi Action. Rather, on January 28, 2008, IMG filed a motion to compel arbitration. A copy of IMG's motion is attached hereto as Exhibit B.

5. Subsequently, IMG and Danzi agreed to arbitrate their disputes, while Wasserman Media Group's ("WMG") action against IMG was stayed. WMG agreed to be bound by the results of the Danzi arbitration.

6. I, on Danzi's behalf, subsequently filed an arbitration demand with the AAA. Subsequently, IMG filed a "Response to Demand for Arbitration and Counterclaim," a copy of which is attached hereto as Exhibit C. In it, IMG argued that "Ohio law applies." Exh. C at 3. IMG contended that "Danzi's contention that he can invoke California law (as he reads it) to create some sort of asylum from his limited, agreed-to post employment restrictions lacks any basis in law or fact." *Id.* IMG also filed a counterclaim alleging, "upon information and belief," that Danzi had breached his covenant by soliciting professional golfers to leave IMG and join WMG. *Id.* 4. IMG also sought a declaratory judgment that the post-employment restrictions were enforceable.

7. IMG's counsel (Ulmer Berne) and I had to select an arbitrator. We chose Alfred G. Feliu, a prominent New York City lawyer and arbitrator, and scholar in employment law, specifically, restrictive covenants. Arbitrator Feliu's AAA bio is attached hereto as Exhibit D.

8. After selecting an arbitrator, IMG's counsel and I agreed that the most efficient way to proceed was to ask Arbitrator Feliu to decide whether California or Ohio law applied. If the former, the covenant would not be enforceable, while if the latter, the covenant might be enforceable. The parties submitted lengthy briefs and reply briefs on the choice-of-law issue.

9. Arbitrator Feliu issued his ruling on April 30, 2008. *See* Exhibit E. He ruled that California law would apply.

10. Shortly thereafter, on May 21, 2008, IMG's counsel sent a letter to me, the AAA and Arbitrator Feliu seeking to withdraw its counterclaim against Danzi and to end the arbitration by agreeing not to seek to enforce Danzi's post-employment covenants. *See* Exhibit F. IMG did this because it did not want Arbitrator Feliu to issue a final judgment in Danzi's favor, which would be confirmed in federal court.

11. Arbitrator Feliu, however, agreed with Danzi that, having commenced an action and then an arbitration demanding a declaration of his rights, Danzi was entitled to one, and the fact that IMG gave up was no bar to the entry of a final award. After much debate, IMG and Danzi agreed to a form of Consent Award, a copy of which is attached hereto as Exhibit G. The Consent Award expressly incorporates, in ¶ 1, the Arbitrator's April 30 Order holding that California law applies.

12. Subsequently, Danzi and IMG submitted to the district court a proposed final judgment confirming Arbitrator Feliu's award. This was signed and entered by the district court. See Exhibit H. The final judgment sets forth, on page 2, that the district court was "entering the Award as a judgment of this Court and declaring" that the covenant was unenforceable.

I declare under the penalty of perjury that the foregoing is true and accurate.

Executed on April 20, 2010

_____
ADAM J. KAISER