**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IMG WORLDWIDE, INC.** | : | **Case No. 10-CV-794** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| v. | : | |
| **MATTHEW BALDWIN** | : | **ORDER** |
| **Defendant.** | : | |

Currently pending before the Court are: (1) IMG Worldwide, Inc.'s ("IMG") Motion for a Temporary Restraining Order (Doc. 4) ("Motion for TRO"); and (2) Defendant Matthew Baldwin's ("Baldwin") Motion to Dismiss or Transfer for Improper Venue (Doc. 8) ("Motion to Dismiss or Transfer"). Baldwin filed a consolidated brief in opposition to IMG's Motion for TRO and in support of his Motion to Dismiss or Transfer. (Doc. 15.) IMG filed a reply in support of its Motion for TRO (Doc. 22), and Baldwin filed a reply in support of his Motion to Dismiss or Transfer (Doc. 28), which can also be characterized as a motion for leave to file a surreply to IMG's Motion for TRO.[1]

Among other things, Baldwin argues that this Court lacks venue, and that the action should be dismissed or transferred to the Central District of California pursuant to the "first to file" doctrine. In response, IMG argues that venue is proper here, and that Baldwin's Employment Agreement with IMG ("the Agreement") expressly contemplated that IMG can seek emergency injunctive relief in this Court. (Doc. 22 at 7.) Before examining the substance of these arguments, the Court must

---

[1] IMG objected to an expedited briefing schedule for Baldwin's Motion to Dismiss or Transfer, and has indicated that it will respond to the Motion consistent with the local rules. (Doc. 22 at 35 n. 16.)

consider a threshold issue: the existence of an arbitration provision in the Agreement.

The Agreement provides, in part, that "the parties agree to submit to arbitration any dispute related to the employment relationship and agree that the arbitration process shall be the exclusive, final and binding means for resolving disputes which the parties cannot themselves resolve." (Doc. 1-1 at 3, Section 9.) The arbitration provision further provides that it

> shall not prevent IMG from obtaining injunctive relief from a court of competent jurisdiction to enforce the obligations of [the Agreement's confidentiality and non-solicitation provisions] for which IMG may obtain provisional relief pending a decision on the merits by the arbitrator. Employee consents to the jurisdiction of Ohio courts for such purpose.

(*Id*.).

Contractual arbitration provisions are treated like other contractual rights, and "such agreements are enforced, unless the parties waive their right." *Gordon v. Dadante*, 294 Fed. Appx. 235, 238 (6th Cir. 2008). While it is clear that a party can waive its right to arbitration by failing to assert it or by litigation activity, waiver occurs only where that party's actions are "'**completely inconsistent** with any reliance' on this right and cause the opposing party to suffer prejudice." *Id.* (citing *General Star Nat'l Ins. Co. v. Administratia Asigurarilor De Stat*, 289 F.3d 434, 438 (6th Cir. 2002)) (emphasis added). There is a presumption in favor of arbitration, moreover, and therefore waiver of the right to arbitration is "not to be lightly inferred." *Id.* (citing *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.,* 340 F.3d 345, 355-56 (6th Cir. 2003)); *see also Credit Acceptance Corp. v. Davisson*, 644 F.Supp.2d 948, 956 (N.D. Ohio 2009) (internal citation omitted).

Participating in litigation, by itself, is insufficient to constitute waiver of the right to arbitration. *See Gordon,* 294 Fed. Appx. at 239 (finding that participation in the litigation, including filing motions, did not amount to waiver). Indeed, the mere act of filing a lawsuit seeking damages,

2

standing alone, may not amount to waiver. *Compare Int'l Millennium Consultants, Inc. v. Taycom Business Solutions, Inc.*, No. 08-11303, 2008 U.S. Dist. LEXIS 107164, *13 (E.D. Mich. Dec. 15, 2008) (finding that, where the plaintiff moved to compel arbitration within three months after filing its complaint, and the amount of litigation thus far had been minimal, the plaintiff "did not waive its right to seek arbitration by first filing a complaint in this Court") *with Uwaydah v. Van Wert County Hospital*, 246 F.Supp.2d 808, 810-11, 814 (N.D. Ohio 2002) (finding that "plaintiff impliedly waived his right to arbitration by instituting and actively participating in this litigation," where litigation was ongoing for eighteen months prior to plaintiff's arbitration demand, and the case was "on the brink of resolution either by dispostive motion or trial").

At this stage, although both parties acknowledge the existence of the arbitration provision, neither party has sought to compel arbitration. In his responsive briefing, Baldwin mentions that "IMG has waived the right to seek arbitration by seeking damages in this Court." (Doc. 15 at 18.) While IMG does not directly respond to the waiver issue, it argues that:

> This Court clearly has venue and has authority to order the emergency relief to which IMG is entitled. The Employment Agreement contemplated this very circumstance, and the record here satisfies both venue criteria and the standard for emergency injunctive relief. . . . Defendant cannot parlay his own disregard for the dispute-resolution clause in the Employment Agreement into a situation where IMG is forced to go to California for emergency relief.

(Doc. 22 at 7.) IMG's reliance on the arbitration provision to support its venue argument at least implies that it contemplates seeking arbitration of this dispute under the terms of the Agreement.

After substantial analysis of the arguments presented and authority cited in the briefing, the Court finds that the parties have not directly addressed their intentions regarding arbitration. Because this issue has implications on the threshold issues presented in this case, the Court requests additional briefing with respect to: (1) whether the parties intend to seek arbitration; and (2) whether

3

the parties have waived the right to do so.

Accordingly, the Court orders that, on or before **May 12, 2010**, IMG shall file a supplemental brief, not to exceed ten (10) pages, addressing the issue of whether the right to arbitration has been waived, and, if so, the impact, if any, such waiver has on the issues presented in the motions pending before this Court. Baldwin shall file a response to IMG's supplemental brief, not to exceed ten (10) pages, on that same issue within **seven (7) calendar days** from the date of IMG's filing.

**IT IS SO ORDERED.**

                                            **s/Kathleen M. O'Malley**
                                            **KATHLEEN McDONALD O'MALLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**Dated: May 6, 2010**