UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IMG WORLDWIDE, INC. | ) | CASE NO. 1:10-cv-794 |
| | ) | |
| Plaintiff | ) | JUDGE O'MALLEY |
| | ) | |
| vs. | ) | **IMG WORLDWIDE, INC.'S** |
| | ) | **SUPPLEMENTAL BRIEF PURSUANT** |
| MATTHEW BALDWIN | ) | **TO THE COURT'S MAY 6, 2010** |
| | ) | **ORDER** |
| Defendant | ) | |
| | ) | |

IMG Worldwide, Inc. ("IMG") files this brief in response to the Court's request in its May 6, 2010 Order that the parties address three issues: (1) whether the parties intend to seek arbitration; (2) whether the parties have waived the right to do so; and (3) if the right to arbitration has been waived, the impact, if any, such waiver has on the issues presented in the motions pending before this Court. IMG addresses these issues in turn below.

### 1. Whether the parties intend to seek arbitration

With respect to the first question, IMG does not intend to seek arbitration of the claims that it filed in this action.

### 2. Whether the parties have waived the right to seek arbitration

There is little question that Defendant has waived any right to seek arbitration. Rather than pursuing arbitration, Defendant filed his declaratory judgment action in California. In the Complaint that he filed, Defendant did not merely ignore the arbitration clause of the Employment Agreement; he also affirmatively attacked the validity of the arbitration provision in his Employment Agreement, claiming that it was improper. *See* California Complaint ¶¶ 49-

52. Specifically, he alleged that "[t]he Arbitration Provision is both substantively and procedurally unconscionable, and hence, this Court may render judgment in the claim herein without regard to the Arbitration Provision." *Id.* ¶ 49.

Through these actions, Defendant waived any right that he had to arbitration. As the Sixth Circuit has stated, "an agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon." *Gen. Star Nat'l Inc. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002) (citations omitted). Clearly, it is impossible to imagine anything more inconsistent with reliance on an arbitration provision than labeling it "unconscionable" and telling a court that it is free to disregard it. And to the extent that Defendant was to now attempt to compel arbitration, IMG would be prejudiced by the attorneys fees that it has incurred in defending the California action. *Cf. S. Wabash Communs., Ltd. v. Union County Broadcasting Co.*, 69 Fed. Appx. 285 (6th Cir. 2003)[1] (party was prejudiced through the incurrence of attorneys fees). Defendant therefore could not now decide to seek arbitration.

### 3. The impact, if any, of any waiver on the motions pending before the Court

Defendant's waiver of the arbitration provision and IMG's choice to not seek arbitration have no effect on the Court's ability to grant IMG the injunctive relief that it seeks or on Defendant's misguided Motion to Dismiss or Transfer. This dispute should be litigated in this District and decided by this Court – venue is proper in this Court because of the substantial connections that this action has to this District. Much of the confidential, proprietary, and trade secret information that Defendant misappropriated was created, developed, and stored in Cleveland. After leaving IMG, Defendant deleted many of these files and documents in

---

[1] Attached as Exhibit A.

2

violation of a standstill agreement that he entered into in this litigation. And Defendant breached an Employment Agreement with his Cleveland-based employer that is governed by Ohio law and contains an Ohio forum selection clause that is described in IMG's Opposition to Defendant's Motion to Dismiss or Transfer ("Opposition Brief"). These facts and the reasons that this action should proceed in this Court are more fully addressed in IMG's Opposition Brief which was filed contemporaneously with this brief, and in the interest of brevity, IMG incorporates that discussion by reference.

Respectfully submitted,

/s/ Joseph A. Castrodale
Joseph A. Castrodale (0018494)
John M. Alten (0071580)
Brad A. Sobolewski (0072835)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
Tel: (216) 583-7000
Fax: (216) 583-7001
jcastrodale@ulmer.com
jalten@ulmer.com
bsobolewski@ulmer.com

Attorneys for Plaintiff

OF COUNSEL:

Mark C. Holscher
Jeffrey S. Sinek
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Tel: (213) 680-8190
Fax: (213) 680-8500
mark.holscher@kirkland.com
jeff.sinek@kirkland.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically with the Court on May 12, 2010.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court system.

        /s/ Joseph A. Castrodale
        Joseph A. Castrodale (0018494)
        ULMER & BERNE LLP
        One of the Attorneys for Plaintiff
        IMG Worldwide, Inc.

1837489v1